JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DAVID R. CALLAWAY (CASBN 121782)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5596
Facsimile: (408) 535-5066
E-Mail: david.callaway@usdoj.gov

*E-FILED - 4/20/10*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>      Plaintiff,              )<br>                              )<br>      v.                      )<br>                              )<br> JESSE DIEP,                  )<br>                              )<br>      Defendant.              )<br>_____) | No.  CR 96-20007 RMW<br><br>GOVERNMENT'S ADMITTEDLY BELATED MOTION TO DISMISS INDICTMENT; ORDER [] |

COMES NOW THE UNITED STATES OF AMERICA appearing through the undersigned Assistant United States Attorney and moves this Honorable Court for an order dismissing the captioned Indictment. The facts supporting this request are as follows:

Defendant was charged with firearms violations in separate indictments, both of which were returned on January 17, 1996. One was the captioned indictment; the other was assigned case number CR 96-20009. (Each indictment included a separate co-defendant.) Both cases were assigned to this Court. Based upon a review of the respective docket sheets, it is apparent that both cases proceeded toward trial in tandem.

//

**GOVERNMENT'S MOTION TO DISMISS INDICTMENT; ORDER**

On October 24, 2006, however, the defendant pleaded guilty to Count 1 in case CR 96-20009, charging him with unlawful possession and transfer of a machinegun, in violation of 18 U.S.C. § 922(o). The plea was entered before The Honorable William A. Ingram, United States District Judge.[1] According to the written plea agreement, which bore both case numbers, the government agreed "to move to dismiss the remaining counts in the indictments at the time of sentencing." After several continuances, the defendant was finally sentenced on October 14, 2007 to a term of 33 months imprisonment, to be followed by a three-year term of supervised release.[2]

If the government did move orally at sentencing to dismiss the indictment in CR 96-20007, the dismissal appears nowhere in the docket for either case. Accordingly, and with apologies for the delay, the government respectfully requests that the captioned indictment be dismissed in view of the defendant's guilty plea and sentence in the related case CR 96-20009.

DATED: April 20, 2010

> Respectfully submitted,
>
> JOSEPH P. RUSSONIELLO
> United States Attorney
>
> / s /
> _____
> DAVID R. CALLAWAY
> Assistant United States Attorney

## ORDER

Upon application of the United States, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the above-captioned Indictment is DISMISSED.

Date: 4/20/10

*Ronald M. Whyte* (signature)
_____
RONALD M. WHYTE
United States District Judge

---

[1] CR 96-20009 Dkt. # 46.

[2] It is not clear from the docket who actually imposed the sentence. The docket (# 55) for CR 96-20009 states that sentence was imposed by Your Honor, but the Judgment, also dated October 14, 1997, is signed by Judge Ingram.

**GOVERNMENT'S MOTION TO DISMISS INDICTMENT; ORDER**

2